IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| FRANK STOKES, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Civil Case No.  04-850-JPG |
| | ) |
| DARLENE A. VELTRI, | ) |
| | ) |
| Respondent. | ) |

## REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court is Frank Stokes's §2241 petition for a writ of habeas corpus (Doc. No. 1). Stokes is serving a term of supervised release following a 24-month sentence of imprisonment imposed by the U.S. District Court for the Northern District of Indiana. He challenges the calculation of his federal sentence, claiming that he should have received credit for the time he was in official detention after November 24, 2001.

The material facts are not in dispute. Stokes was arrested by municipal law enforcement authorities on November 24, 2001. He was accused of state law violations in Lake County, Indiana. On May 22, 2002, Stokes was sentenced in a superior court in Lake County, Indiana to serve a 4-year term of imprisonment on the state conviction.

On August 22, 2002, federal charges were filed against Stokes in the U.S. District Court for the Northern District of Indiana. Stokes appeared in federal court pursuant to a writ of habeas corpus ad prosequendum that was issued on September 11, 2002. He was moved from a state facility to a federal detention facility on September 16, 2002.

On November 18, 2003, Stokes was released from state custody. When the length of the state term was calculated, Stokes received credit for 175 days in custody, accounting for all of the detention time after his November 24, 2001, arrest.

On May 5, 2004, Stokes was sentenced in U.S. District Court to serve 24 months for the federal offense. Stokes arrived at FCI-Greenville on July 7, 2004.

The Bureau of Prisons awarded credit for 168 days, reflecting the period between November 19, 2003 (the first day after Stokes was released by the state) and May 4, 2004 (the day before the federal sentence was imposed). Release from custody was projected for September 30, 2005.

It appears that Stokes was released from federal custody while this petition was pending. It also appears that Stokes continues to serve his 3-year term of supervised release.[1] Stokes seeks credit towards his 24-month sentence for all of his time in official pretrial detention.

The Attorney General, through the Bureau of Prisons, computes credit after taking custody of a sentenced federal offender. A writ of habeas corpus may be granted if Grigsby is in custody in violation of the Constitution or treaties or laws of the United States. 28 U.S.C. § 2241(c)(3).

I.      **Exhaustion of Administrative Remedies**

Respondent argues that Stokes failed to exhaust his administrative remedies. Sentence calculations are subject to judicial review once the prisoner has exhausted available remedies. *United States v. Wilson,* 503 U.S. 329, 334 (1992).

The materials on file show that Stokes filed two grievances pertaining to his sentence calculation. Shortly after the first grievance was denied, Stokes filed this action, without filing an administrative appeal. Stokes bypassed his remaining administrative remedies because he anticipated

---

[1] Stokes has not advised the Clerk of his mailing address following his release from custody.

that the effort would be futile and expected an appeal to interfere with his ability to obtain timely judicial review of his claim for relief (Doc. No. 1). While futility is not a valid basis to eschew the exhaustion requirement, *see Greene v. Meese*, 875 F.2d 639, 641 (7th Cir. 1989), complete exhaustion is no longer an option, now that Stokes has been released from custody. Under these circumstances, the Court should proceed to address Stokes's habeas claim on the merits.

### II.   Sentence Credit

The statute governing sentence credit provides as follows:

> **Calculation of a term of imprisonment**
> **(a) Commencement of sentence**. – A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
> **(b) Credit for prior custody**. – A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences–
> (1) as a result of the offense for which the sentence was imposed; or
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
> that has not been credited against another sentence.

18 U.S.C. § 3585.

The facts recited above show that the Bureau of Prisons properly calculated Stokes's federal term of imprisonment. Because all detention time prior to November 18, 2003, was credited against Stokes's state sentence, credit against the federal sentence could not be awarded for the same period. In analyzing the statute governing awards of sentence credit, the Supreme Court explained that "Congress made clear that a defendant could not receive double credit for his detention time." *United States v. Wilson*, 503 U.S. at 337. Hence, the Bureau of Prisons' decision to award credit for 168 days in custody does not reflect a violation of federal law.

IT IS RECOMMENDED that the petition (Doc. No. 1) be DENIED. This action should be

dismissed with prejudice.

      **SUBMITTED:**   **July 17, 2006**  .

          *s/Philip M. Frazier*
          **PHILIP M. FRAZIER**
          **UNITED STATES MAGISTRATE JUDGE**